UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LISA GREGG,

        Plaintiff,

                              Case No. 18-cv-766-pp

v.

ANDREW SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S UNOPPOSED AMENDED MOTION FOR AWARD OF ATTORNEYS FEES UNDER 42 U.S.C. §406(B) (DKT. NO. 31)**

On February 28, 2019, the court granted the parties' joint motion for remand and remanded this case to the Commissioner of the Social Security Administration. Dkt. No. 21. The parties stipulated to an award of attorney fees under the Equal Access to Justice Act in the amount of $8,987, which this court approved on June 19, 2019. Dkt. No. 28. On remand, the ALJ found the plaintiff disabled and awarded past due benefits. The plaintiff since has filed an amended motion for attorney fees under 42 U.S.C. § 406(b). Dkt. No. 31. The government does not oppose the amended motion. The plaintiff requests a total fee of $13,922 to be paid to Attorney David Traver. The court will grant the amended motion and award the additional fees.

**I.    Legal Standard**

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees under 42 U.S.C. § 406. "'Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'"

1

Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

The court must approve any fee under §406(b). Congress did not intend such review to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

The plaintiff signed a contract with her attorney on September 11, 2014, agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 30-2. The second sentence of the fee contract stated:

> I agree that David Traver will charge and receive as his fee an amount equal [sic] 25% of the past-due benefits, which are awarded to my family and me if my case is won.

Dkt. No. 30-2 at 1.

The government filed a response to the amended motion, indicating that it plays something of a "trustee" role for a claimant in fee determination proceedings. Dkt. No. 32 at 1. In that role, the government advised that it "does not oppose the motion for fees because the motion is consistent with §406(b)'s requirements, in accord with the fee agreement, and otherwise reasonable. Id.

The record establishes that the plaintiff prevailed, the requested fee is reasonable for the services rendered, the plaintiff agreed to pay 25% of whatever past-due benefits were awarded to her, and Attorney Traver has accounted for the EAJA offset by reducing the amount he seeks by the amount of the EAJA award he received. Accordingly, the court will award $13,922 ($22,489 - $8,567 = $13,922). For these reasons, the court will grant the amended motion for §406(b) attorney's fees.

## III. Conclusion

The court **GRANTS** the plaintiff's amended motion for attorney's fees. Dkt. No. 31. The court **AWARDS** Attorney David Traver attorney fees in the amount of $13,922.00. No additional refund of EAJA fees to the plaintiff is required.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
